**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | | |
|---|---|---|
| Jeffrey E. Walsh, | ) | **Civil Action No.** 4:24-cv-4458-JD |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | **[Breach of Contract;** |
| vs. | ) | **Declaratory Judgment]** |
| | ) | |
| Allstate Insurance Company, | ) | **(JURY TRIAL DEMANDED)** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Jeffrey E. Walsh, by and through her undersigned counsel, hereby makes the following claims and allegations:

**JURISDICTION:**

1.      That the Plaintiff, Jeffrey E. Walsh, is a citizen and a resident of the County of Dillon, State of South Carolina.

2.      That the Defendant, Allstate Insurance Company, hereinafter "Allstate", is an insurance company licensed to do business within the State of South Carolina.

3.      That the Defendant is subject to personal jurisdiction in South Carolina in that it transacts business in South Carolina, and in that it entered into a contract to insure a risk located within South Carolina.

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars exclusive of costs and interest based on the limits of liability of the policy in question; the

amount of the loss claimed by the Plaintiffs; the amount of additional coverage Plaintiffs claim they are owed; and because complete diversity of citizenship exists between the parties.

5.      That the Defendant is subject to venue in this forum pursuant to 28 U.S.C. §§121, 1391, in that, among other things, a substantial part of the events or omissions giving rise to the claim occurred within this judicial district and division.

## FACTS:

6.      That at all relevant times, Plaintiff, was a named insured under an automobile Policy #935 502 576 issued by Allstate which provided Underinsured Motorist Coverage, (hereinafter "policy").

7.      That Jeffrey E. Walsh is the Son, (hereinafter "Son"), of Edward J. Walsh, deceased, (hereinafter "Father").

8.      That on March 28, 2022, Father, Edward J. Walsh, was operating his lawn mower when he was fatally struck by a vehicle operated by Jaquan M. Allen.

9.      That, as the direct and proximate result of the negligence and gross negligence of underinsured driver, Jaquan M. Allen, Son, Jeffrey E. Walsh, suffered mental shock, suffering, extreme emotional anguish, wounded feelings, grief and sorrow, the loss of care, comfort, companionship and society of her Father.

10.      That Son, and other children of Father, brought an action pursuant to S.C. Code §15-51-10, et. seq., the Wrongful Death Act, against Jaquan M. Allen.

11.      That Plaintiff made a claim on the Policy seeking underinsured coverage and providing Allstate the appropriate proof of loss.

12.      As of the date of this Complaint, Defendant Allstate has refused payment under the Policy.

## FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

13.    That paragraphs one (1) through twelve (12) are hereby expressly incorporated verbatim.

14.    That on or about March 28, 2022, the at-fault driver, Jaquan M. Allen, was the operator of a 2011 Dodge Charger.

15.    That on or about March 28, 2022, the Plaintiff's Father was operating his lawn mower alongside S.C. Highway 57 in Dillon County, South Carolina, when Jaquan M. Allen, traveling on S.C. Highway 57 collided with the Plaintiff's Father, proximately causing the Plaintiff's Father injuries that resulted in his death.

16.    That Jaquan M. Allen's actions, and failures to act, amount to negligence, carelessness, recklessness, and gross negligence, in the following particulars, to-wit:

      a.    Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

      b.    Failing to keep a proper lookout;

      c.    Grossly exceeding the speed limit;

      d.    Failing to maintain proper control;

      e.    Failing to maintain adequate brakes on the vehicle he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

      f.    Failing to maintain an adequate steering mechanism on the vehicle he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

      g.    Failing to warn the Plaintiff's Father of the impending danger.

17.    That as a direct and proximate result of Allen's negligence, carelessness, recklessness, and gross negligence, the Plaintiff has suffered injuries and damages as hereinafter set out.

18.     That as a direct and proximate result of the above set out acts and omissions of Jaquan Allen, Plaintiff was damaged in the following particulars:

      a.     Actual and Consequential damages, to-wit:

            i.     Mental shock and suffering;

            ii.     Wounded feelings;

            iii.     Grief and sorrow; and

            iv.     Loss of society and companionship;

19.     That, in addition, the Plaintiff is informed and believes that he is entitled to an award of punitive damages against Jaquan M. Allen, in an amount to be determined by a jury.

20.     That Plaintiff made a claim with Defendant Allstate under said policy for Underinsured Motorist Coverage providing the appropriate proof of loss.

21.     That benefits are due under the terms of the policy.

22.     That as of the date of this Complaint, Defendant, Allstate, has refused payment.

23.     That as a direct and proximate result of Defendant, Allen's, breach of contract, Plaintiff has suffered damages as hereinafter set out.

### **DAMAGES:**

24.     That as a direct and proximate result of the above set out acts and omissions of the Defendant, Allstate, Plaintiff was damaged in the following particulars to-wit:

      a.     Loss of benefits, plus pre-judgment and post-judgment interest;

      b.     Attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT)

25.     That paragraphs one (1) through twenty-four (24) are hereby expressly incorporated verbatim.

26.     That on or about March 28, 2022, the at-fault driver, Jaquan M. Allen, was the operator of a 2011 Dodge Charger.

27.     That on or about March 28, 2022, the Plaintiff's Father was operating his lawn mower alongside S.C. Highway 57 in Dillon County, South Carolina, when Jaquan M. Allen, traveling on S.C. Highway 57 collided with the Plaintiff's Father, proximately causing the Plaintiff's Father injuries that resulted in his death.

28.     That Jaquan M. Allen's actions, and failures to act, amount to negligence, carelessness, recklessness, and gross negligence, in the following particulars, to-wit:

    a.     Failing to exercise the degree of caution a reasonable or prudent person would have used under the circumstances then and there existing;

    b.     Failing to keep a proper lookout;

    c.     Grossly exceeding the speed limit;

    d.     Failing to maintain proper control;

    e.     Failing to maintain adequate brakes on the vehicle he was driving, or if the vehicle had adequate brakes, in failing to apply the same;

    f.     Failing to maintain an adequate steering mechanism on the vehicle he was driving, or if the vehicle had an adequate steering mechanism, in failing to properly utilize the same;

    g.     Failing to warn the Plaintiff's Father of the impending danger.

29.     That as a direct and proximate result of Allen's negligence, carelessness, recklessness, and gross negligence, the Plaintiff has suffered injuries and damages as hereinafter set out.

30.    That as a direct and proximate result of the above set out acts and omissions of Jaquan Allen, Plaintiff was damaged in the following particulars:

      a.    Actual and Consequential damages, to-wit:

            i.    Mental shock and suffering;

            ii.    Wounded feelings;

            iii.    Grief and sorrow; and

            iv.    Loss of society and companionship.

31.    That, in addition, the Plaintiff is informed and believes that he is entitled to an award of punitive damages against Jaquan M. Allen, in an amount to be determined by a jury.

32.    That Plaintiff made a claim with Defendant Allstate under said policy for Underinsured Motorist Coverage providing the appropriate proof of loss.

33.    That benefits are due under the terms of the policy.

34.    That as of the date of this Complaint, Defendant, Allstate, has refused payment.

35.    That as a direct and proximate result of Defendant, Allen's, breach of contract, Plaintiff has suffered damages as hereinafter set out.

36.    The United States Declaratory Judgment Act provides that this Court has the power to declare the rights, status, and other legal relations whether or not further relief is or could be claimed. 28 U.S.C. §2201(a).

37.    That a judiciable controversy exists as to the amount of coverage available to Plaintiff under the Policy.

38.    That the Plaintiff seeks declaratory judgment from this Court declaring that he is an insured under the Policy and entitled to Underinsured Motorist Coverage.

WHEREFORE, the Plaintiff prays for declaratory judgment against the Defendant, Allstate, declaring Plaintiff's entitlement to Underinsured Motorist Coverage under Allstate Policy ##935 502 576 .

WUKELA LAW FIRM


BY:  s/Stephen J. Wukela
STEPHEN J. WUKELA
FED ID NO 7541
ATTORNEY FOR PLAINTIFF
PO BOX 13057
FLORENCE SC 29504
843-669-5634
stephen@wukelalaw.com

Florence, South Carolina

August  14th , 2024