IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jeffrey E. Walsh, ) | Case No. 4:24-cv-04458-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Allstate Property and Casualty ) | |
| Insurance Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on motions by Plaintiff for judgment on the pleadings or, in the alternative, for summary judgment and to certify a question to the Supreme Court of South Carolina and on a motion by Defendant for summary judgment. [Docs. 21; 22; 24.] Plaintiff filed this action on August 14, 2024, regarding Plaintiff's entitlement to underinsured motorist benefits under an automobile policy issued by Defendant for injuries Plaintiff allegedly suffered when his father was killed by an automobile while driving a lawnmower. [Doc. 1.] Plaintiff filed an Amended Complaint on October 22, 2024. [Doc. 6.]

On March 25, 2025, Plaintiff filed his motions for judgment on the pleadings or, in the alternative, for summary judgment and to certify question to the Supreme Court of South Carolina. [Docs. 21; 22.] The next day, Defendant filed its summary judgment motion. [Doc. 24.] The motions have been fully briefed and are ripe for review. [Docs. 25; 26; 27.]

**BACKGROUND**[1]

In ruling on a motion for summary judgment, this Court reviews the facts and reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir. 2013).

Plaintiff is the son and statutory beneficiary of Edward J. Walsh (the "Decedent"). [Doc. 23 ¶¶ 2, 17.] On March 28, 2022, the Decedent was operating his lawnmower when he was fatally struck by a vehicle operated by Jaquan M. Allen ("Allen"). [*Id.* ¶ 3.] Plaintiff, as the personal representative of the Decedent's estate, commenced a wrongful death action against Allen based on the accident (the "Accident") in the Dillon County Court of Common Pleas. [*Id.* ¶ 12.] In that case, Plaintiff alleged he had suffered typical wrongful death damages, including pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of society. That action has been stayed pending the outcome of the present action.[2] *See* Dillon County Fourth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Dillon/PublicIndex/PISearch.aspx (last visited Oct. 13, 2025) (search by case number 2024CP1700255).

---

[1] Pursuant to the undersigned's Rule 56 summary judgment motion procedures, the parties submitted a joint statement of stipulated material facts. [Doc. 23.] The Court will cite to this document for the relevant facts included herein.

[2] The Court takes judicial notice of the pleadings and the proceedings in the Dillon County Court of Common Pleas at case number 2024CP1700255. *See Phillips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

The estate recovered one "per person" liability policy limit from each of three separate automobile liability policies covering Allen's use of the vehicle, which were allocated among the survival and wrongful death actions. [Doc. 23 ¶¶ 14–16.] The individual statutory beneficiaries, including Plaintiff, did not receive a separate "per person" bodily injury liability limit to split among them. [*Id.* ¶ 17.]

Plaintiff is a named insured under Defendant's Auto Policy #935502576 (the "Policy"), which provided underinsured motorist ("UIM") coverage subject to the Policy's declarations, terms, conditions, and exclusions. [*Id.* ¶ 1; Doc. 24-2 at 3.] The Decedent did not reside with Plaintiff and was not an insured under the Policy at the time of the Accident. [Doc. 23 ¶¶ 4–5.] Plaintiff did not have a vehicle involved in the Accident; was not occupying a vehicle that was insured under the Policy during the Accident; did not witness the Accident; was not physically injured in the accident; and did not incur any property damage as a result of the Accident. [*Id.* ¶¶ 6–11.]

In the present action, Plaintiff asserts two claims against Defendant based on injuries Plaintiff allegedly suffered by virtue of the Decedent's death, including mental shock and suffering, emotional anguish, wounded feelings, grief and sorrow, and loss of society and companionship. [Doc. 6.] The first claim is for breach of contract based on Defendant's refusal to pay under its UIM coverage for those injuries. [*Id.* ¶¶ 13–23.] The second is a request for a declaratory judgment declaring that Plaintiff is an insured under the Policy and entitled to UIM coverage. [*Id.* ¶¶ 25–38.] In addition to the declaratory judgment, Plaintiff seeks money damages, attorneys' fees, and court costs. [*Id.* ¶ 24.]

## APPLICABLE LAW

**Motion for Judgment on the Pleadings**

Rule 12(c) permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). In reviewing a motion for judgment on the pleadings, a court should "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019) (internal quotation marks omitted). "Thus, [t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Integon Gen. Ins. v. Bartkowiak ex rel. Bartkowiak*, No. 7:09-cv-03045-JMC, 2010 WL 4156471, at *2 (D.S.C. Oct. 19, 2010) (alteration in original) (internal quotation marks omitted). A court should apply the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6) and should grant a motion for judgment on the pleadings "only if the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, No. 2:13-cv-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug. 28, 2013) (internal quotation marks omitted); *see also Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002) (noting that the standard applicable for motions made under Rule 12(c) is the same as for those made under Rule 12(b)(6)).

**Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id*. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id*. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

5

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Motion to Certify Question**

"A federal court's certification of a question of state law to the state's highest court is appropriate when the federal tribunal is required to address a novel issue of local law which is determinative in the case before it." *Grattan v. Bd. of Sch. Comm'rs of Baltimore City*, 805 F.2d 1160, 1164 (4th Cir. 1986); *see also* Rule 244(a) SCACR ("The Supreme Court in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court.).

## **DISCUSSION**

Defendant argues that it is entitled to summary judgment on Plaintiff's claims. Defendant contends that, under South Carolina law, Plaintiff cannot recover for any bodily injury he allegedly sustained from the at-fault driver's automobile liability policy,

6

because he does not meet the requirements for a negligent infliction of emotional distress claim under a theory of bystander liability.  [Doc. 24 at 3–10.]  Defendant contends that any amounts that Plaintiff is entitled to under South Carolina's Wrongful Death Act, although they constitute "personal injuries," are not "bodily injuries," as they would need to be to be recoverable under the UIM policy.  [*Id.* at 3–7.]

Plaintiff, in contrast, contends that South Carolina statutory law requires that UIM policies cover injuries of the type at issue in this case or, alternatively, that the question should be certified to the Supreme Court of South Carolina.[3]  [Docs. 21 at 5–18; 22; 22-1.]

The Court agrees with Defendant and concludes it is entitled to summary judgment.

**The Policy**

The Court begins by examining the Policy language.  The section of the Policy pertaining to UIM coverage provides that Defendant "will pay those damages that an insured person is legally entitled to recover from the owner or operator of an underinsured auto because of . . . **bodily injury** sustained by an insured person . . . and . . . **property damage**."  [Doc. 24-2 at 33.]  The Policy defines "bodily injury" as "bodily injury, sickness, disease or death."  [*Id.*]

---

[3] Specifically, the question Plaintiff seeks to certify is, "Must a South Carolina Underinsured Motorist Policy provide coverage where an insured is legally entitled to recover damages for death, under the South Carolina Wrongful Death Act, from an underinsured motorist?"  [Doc. 22.]

7

**Application of the Policy Language to the Facts**

Because Plaintiff is the person insured under the Policy and the Decedent is not an insured under the Policy [Doc. 23 ¶¶ 1, 4], the Policy provides UIM coverage only for Plaintiff's bodily injury. The Court concludes that Plaintiff's wrongful death damages, including those for pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, and deprivation of society, do not constitute bodily injury within the meaning of the Policy.

Under South Carolina law, whether emotional distress, in particular, constitutes "bodily injury" within the meaning of automobile liability insurance policies depends upon whether the victim can demonstrate direct liability by the negligent driver for the emotional trauma by showing the elements of negligent infliction of emotional distress under a bystander liability theory. *State Farm Mut. Auto. Ins. v. Ramsey*, 368 S.E.2d 477, 478 (S.C. Ct. App.), *aff'd*, 374 S.E.2d 896 (S.C. 1988). Those elements are (1) the defendant's negligence caused death or serious physical injury to another; (2) the plaintiff bystander was in close proximity to the accident; (3) the plaintiff and the victim were closely related; (4) the plaintiff contemporaneously perceived the accident; and (5) the emotional distress manifested itself by physical symptoms capable of objective diagnosis and was established by expert testimony. *Kinard v. Augusta Sash & Door Co.*, 336 S.E.2d 465, 467 (S.C. 1985). Plaintiff cannot prove those elements here because he was not a witness to the Accident. [Doc. 23 ¶ 6.]

Absent such direct liability, "[i]njuries recoverable under the Wrongful Death Act such as pecuniary loss, mental shock and suffering, wounded feelings, grief, sorrow, and loss of society and companionship are not 'bodily injuries' but are 'personal

8

injuries.'" *Ramsey*, 368 S.E.2d at 479 (Cureton, J., concurring); *see Stewart v. State Farm Mut. Auto. Ins.*, 533 S.E.2d 597, 601–03 (S.C. Ct. App. 2000).  For that reason, Plaintiff's claimed injuries here, which form the basis for his Wrongful Death Act claim, do not constitute "bodily injuries" within the meaning of the Policy and he is not entitled to UIM coverage for them.

**Whether the Policy Complies with South Carolina Statutory Law**

As noted, Plaintiff argues that to the extent that the Policy does not provide coverage for the damages Plaintiff is entitled to under the Wrongful Death Act, the Policy violates South Carolina statutory law.  [Doc. 21 at 5–18.]  Plaintiff specifically identifies South Carolina Code Ann. §§ 38-77-142 and -160.  [*Id.*]  The Court disagrees with Plaintiff's assertion that the Policy, as interpreted by the Court, violates these statutes.

First, South Carolina Code Ann. § 38-77-142 does not lend any support to Plaintiff's argument.  Section 38-77-142(A) states, in relevant part:

> No policy or contract of bodily injury or property damage liability insurance covering liability arising from the ownership, maintenance, or use of a motor vehicle may be issued or delivered in this State to the owner of the vehicle or may be issued or delivered by an insurer licensed in this State upon a motor vehicle that is principally garaged, docked, or used in this State unless the policy contains a provision insuring the named insured and any other person using or responsible for the use of the motor vehicle with the expressed or implied consent of the named insured against liability for death or injury sustained or loss or damage incurred within the coverage of the policy or contract *as a result of negligence in the operation or use of the vehicle by the named insured or by any such person*.

(Emphasis added.)  Because the injuries for which Plaintiff seeks coverage in this case were not a result of the negligent use of the insured vehicle by the named insured—

9

Plaintiff—or by any other person using or responsible for the use of the insured vehicle with Plaintiff's consent—this statutory provision has no applicability in this case.

South Carolina Code Ann. § 38-77-160 is also of no help to Plaintiff. That statute provides,

> Automobile insurance carriers shall offer, at the option of the insured, . . . [UIM] coverage up to the limits of the insured liability coverage to provide coverage in the event that *damages* are sustained in excess of the liability limits carried by an at-fault insured or underinsured motorist or in excess of any damages cap or limitation imposed by statute.

(Emphasis added). Plaintiff argues that this provision requires that the insurer must offer UIM coverage not just in the same dollar limit of the insured liability coverage but also in the same type of coverage. [Doc. 21 at 8–13.] South Carolina courts hold, however, that "damages" in § 38-77-160 refers to damages for bodily injury. *See Russo v. Nationwide Mut. Ins.*, 513 S.E.2d 127, 129 (S.C. Ct. App. 1999) ("Despite section 38-77-160's omission of the term 'bodily injury,' the repeated references to liability coverage and liability limits convince us the term 'damages' must be construed in accordance with the basic liability coverage statute, section 38-77-140, which focuses on bodily injury damages. We must read these statutes together."). As has been explained, the injuries for which Plaintiff seeks coverage do not constitute bodily injuries, and thus § 38-77-160 has no applicability here.

For all of these reasons, the Court grants Defendant's summary judgment motion and denies Plaintiff's motions for judgment on the pleadings or, in the alternative, for summary judgment and to certify question.[4]

---

[4] The Court declines to certify a question in this matter as the answer to the issue sought is reasonably clear. *See, e.g., Roe v. Doe*, 28 F.3d 404, 407 (4th Cir. 1994) ("Only if the available state law is clearly insufficient should the court certify the issue to the state

## **CONCLUSION**

In sum, Defendant's motion for summary judgment [Doc. 24] is GRANTED; Plaintiff's motions for judgment on the pleadings or, in the alternative, for summary judgment and to certify question [Docs. 21; 22] are DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

November 12, 2025
Greenville, South Carolina

---

court."). Further, "federal courts should take care not to burden their state counterparts with unnecessary certification requests." *Boyter v. Comm'r*, 668 F.2d 1382, 1385 n.5 (4th Cir. 1981).